UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JAMES R. PIGGOTT,

                                   Defendant.

---

94-Cr-417 (SHS)

<u>OPINION & ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

James R. Piggott has moved pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction in his sentence due to "extraordinary and compelling reasons." Piggott is currently serving the twenty-sixth year of his life sentence and seeks to have his sentence reduced to time served. Because the Court is satisfied that he has shown "extraordinary and compelling reasons" meriting his release from prison and a reduction in his sentence is consistent with the factors in 18 U.S.C. § 3553(a), Piggott's motion is granted.

## I.    BACKGROUND

In the early 1990s, Piggott was a leader of a nationwide drug trafficking and money laundering conspiracy. (PSR ¶¶ 1-39.) Following trial in 1995, Piggott was convicted on twenty separate counts relating to conspiracy and possession with intent to distribute narcotics including cocaine, heroin, and crack cocaine; money laundering; and continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848(b). (PSR ¶ 116.) Judge Thomas P. Griesa sentenced Piggott to life imprisonment, which was the mandatory statutory sentence under section 848(b). (ECF No. 255.) Piggott was also given concurrent sentences of 360 months related to his narcotics offenses and 240 months for the money laundering offenses. *Id.* Prior to this conviction, Piggott had been convicted three times prior for robbery. (PSR ¶¶ 100–02.)

Piggott subsequently appealed his conviction and sentence in this case. *United States v. Goodwin*, 141 F.3d 394, 397 (2d Cir. 1997), and filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (ECF No. 363.) Each of those appeals and petitions were unsuccessful.

Piggott is now sixty-seven years old. (See PSR ¶ 105.) He has spent over twenty-six years of his life incarcerated on this sentence. (See PSR ¶ 39.) Piggott is currently an inmate at USP Coleman I in Sumterville, Florida, where rates of COVID-19 are currently relatively low. (ECF No. 440-1); *BOP COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Jan. 10, 2021). Piggott suffers from

numerous health conditions, including hypertension, diabetes, cirrhosis, heart palpitations, chronic kidney disease, enlarged prostate, high triglycerides, and anemia, and has displayed symptoms indicative of abdominal cancer or another serious gastrointestinal disorder. (ECF No. 438 at 11.)

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), "a district court may modify an already-imposed sentence of imprisonment" under a "limited exception[]" to the statute's general prohibition on the modification of sentences. *United States v. Torres*, 464 F. Supp. 3d 651, 654 (S.D.N.Y. 2020). The Court may only modify a defendant's sentence if it finds: (1) "extraordinary and compelling reasons" justifying a reduction, 18 U.S.C. § 3582(c)(1)(A)(i); (2) that such a reduction would comport with "the factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A); and (3) that a reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.*

### A.  Piggott Has Exhausted His Administrative Remedies

Filing this motion only one day after he had sent a request for release to the warden at USP Coleman I, Piggott had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Whether Piggott initially exhausted his remedies, or whether the Court could hear his motion even if he had not, are now moot points. At the time of writing, approximately 20 months have passed since the warden denied Piggott's motion. Accordingly, more than thirty days have elapsed since the BOP received Piggott's request, *see id.*, and the Court may hear his motion.

### B.  Piggott Demonstrates Extraordinary and Compelling Circumstances

Under section 3582(c)(1)(A), the Court must decide whether "extraordinary and compelling reasons" justify a reduction in defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act, Pub. L. No. 115-391, 121 Stat. 5194 (2018), represented a "monumental" change in United States sentencing laws by giving district courts the power to hear compassionate release motions even if the BOP fails to support or act upon a defendant's request for a reduction in sentence. *United States v. Brooker*, 976 F.3d 228, 230 (2020). The Second Circuit has observed that the "Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The Court need not find a single dispositive circumstance to determine that "extraordinary and compelling reasons" exist; rather, it may consider whether "the totality of the circumstances" justify such a finding. *United States v. Phillips*, 469 F. Supp.

2

3d 180, 184 (S.D.N.Y. 2020); *see also United States v. Cantu-Rivera*, No. H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019) (finding that "[t]he combination of all . . . factors establishes the extraordinary and compelling reasons justifying the reduction in sentence in this case"). Given this flexibility and discretion, the Court concludes that the following factors combine to create "extraordinary and compelling reasons" in Piggott's case: his significant and serious medical conditions coupled with his advanced age, and his track record of rehabilitation in his more than a quarter-century in prison.

First, Piggott has myriad severe health issues, including hypertension, diabetes, cirrhosis, chronic kidney disease, anemia, heart palpitations, high triglycerides, and several others and he takes more than ten separate medications daily. (ECF No. 438.) Furthermore, Dr. Elizabeth Kolod, who examined Piggott's medical records, opined that he has presented many hallmark symptoms of abdominal cancer without a definitive diagnosis. (Letter dated May 25, 2020 under seal.) The seriousness of Mr. Piggott's medical conditions is heightened given his age. The Court finds that Piggott's age, serious physical medical conditions, and the length of time he has already served incarcerated support a finding of "extraordinary and compelling" circumstances.

Furthermore, there is extensive evidence of Piggott's rehabilitation in prison. While "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 944(t), it is clear that "rehabilitation is relevant to the question of whether a sentence should be reduced." *United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (emphasis in original). During his twenty-six years in prison, Piggott has had only three incident reports, with none in the last two decades. (ECF No. 438-1.) As an inmate at Coleman, Piggott served as a suicide aide in the prison's psychiatry department, where he monitored other inmates with suicidal ideation. (ECF No. 438.) Moreover, he has completed numerous educational courses in prison. *Id.* Piggott accordingly appears to have used his time in prison productively. In addition, BOP staff members have submitted letters in support of Piggott's motion, attesting to his sustained mentorship of younger inmates and assistance to prison staff. The combination of the defendant's own activities in prison, accounts of his conduct as an inmate from prison staff, and heartfelt letters from his friends and family all support a finding of "extraordinary and compelling reasons" meriting his early release.

Given the strong evidence of Piggott's serious medical conditions, his advanced age, and his rehabilitation during twenty-six years of incarceration, the Court finds that the "totality of the circumstances" point to the existence of "extraordinary and compelling reasons" for a reduction in his sentence. *Phillips*, 469 F. Supp. 3d at 184.

## C. Section 3553(a) Supports a Reduction in Piggott's Sentence

A finding that "extraordinary and compelling reasons" exist is not sufficient on its own to support a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). A court must also consider whether such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a)'s factors guide the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the criminal justice system. *Id.* These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), whether the sentence imposed reflects the goals of punishment, deterrence, incapacitation, and rehabilitation, *id.* § 3553(a)(2), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6).

Here, the Court finds that a reduction in Piggott's sentence would be consistent with the section 3553(a) factors. Although Piggott's crimes were undoubtedly serious, the Court notes that his conviction for the instant offense was non-violent. The Government stresses that Piggott had a history of violent crime, having committed three separate robberies in late 1970s and early 1980s. (ECF No. 439.) The Court notes, however, that Piggott served prison sentences for each and spent more than a decade incarcerated for his actions. *Id.* Moreover, while these crimes are certainly part of the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), it is also true that that history and those characteristics "did not freeze on the day of [Piggott's] arrest and incapacitation." *United States v. Underwood*, No. 88-Cr-822 (SHS), 2021 U.S. Dist. LEXIS 8378, at *18 (S.D.N.Y. Jan. 15, 2021). It is also well-established that recidivism decreases significantly with age. *See generally* U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021) (finding that only 15.4% of offenders over the age of 60 released in 2010 were rearrested during the study period, as compared with 72.5% of offenders under the age of 21). Finally, as evidenced by his clean disciplinary record over the last two decades and the numerous accounts of his good character from friends, family, and prison staff, Piggott has demonstrably rehabilitated himself in prison.

Moreover, Piggott is the last of his co-defendants to remain incarcerated. Erick Bozeman, another leader of the same conspiracy who was tried separately from Piggott, also received a life sentence. *United States v. Erick Bozeman*, 94-cr-96 (N.D. Ga.). An investigating agent involved with the case described Bozeman as the "leader" of the conspiracy, and Piggott as his lieutenant. (Supp. to ECF No. 446, Affidavit of Michael W. Rourke, at 4); *see also* Josh Mayer, *Kingpin Shipped Cocaine in Computers, Authorities Say; Crime: Erick Bozeman is Accused of Running a Vast Drug Operation. His Leona Valley*

4

*Home May Have Been a Staging Area*, L.A. TIMES (July 23, 1994). Bozeman was released from custody pursuant to 18 U.S.C. § 3582(c)(2) in October 2020 after his life sentence was reduced to 360 months. (94-cr-96, N.D. Ga. ECF No. 538). While the Government is correct that Piggott's life sentence reflects his relative level of culpability at the head of a nationwide drug and money laundering conspiracy, (see ECF No. 439, at 4), the fact all of Piggott's co-defendants and another leader of the same conspiracy have been released points in favor of his release.

Furthermore, while a violation of 21 U.S.C. § 848(b) still carries a mandatory life sentence, the Court believes the roughly twenty-six years Piggott has already spent in prison reflect the seriousness of the offense. *See, e.g.*, *United States v. Millan*, 2020 WL 1674058, at *1.

Accordingly, this Court finds that the section 3553(a) factors comport with its decision to grant Piggott's motion for a reduction in his sentence.

## D. A Reduction in Piggott's Sentence Is Consistent with the Applicable Policy Statement of the Sentencing Commission

Before concluding, the Court must consider whether a reduction in Piggott's sentence is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In addition to finding that extraordinary and compelling reasons and the section 3553(a) factors warrant a reduction in defendant's sentence, the Court must also determine that he "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018); *see also* 18 U.S.C. § 3142(g).

The Court is comfortable that Piggott does not pose a danger to others or the community upon his release. To start with, as noted above, Piggott's advanced age and declining health mean his likelihood of recidivating is low. Furthermore, Piggott has a detailed proposed release plan and a supportive family as well as a proposed residence in New Jersey, far from the location of his original offenses. (ECF No. 439.) The numerous letters submitted on Piggott's behalf indicate that he will be bolstered by the support of numerous friends and extended family members.

Although his crimes were significant, Piggott has shown during his lengthy incarceration and rehabilitation that the interests of justice are best served by a reduction in his sentence.

## III.   CONCLUSION

The Court grants Piggott's motion for compassionate release. Although Piggott committed robberies in his youth and served as one of the leaders of the extensive drug and money laundering conspiracy underlying his life sentence, he will now have the opportunity to spend his remaining years free of incarceration. After twenty-six years in prison, he has a number of serious health conditions. And, despite having no realistic hope of release during his mandatory life sentence, Piggott made significant efforts to rehabilitate himself in prison and maintain close relationships with friends and family on the outside.

In light of the foregoing analysis, the Court reduces defendant's sentence to time served. It is further ordered that:

1. Upon release from custody, Piggott shall be placed on supervised release for a term of five years with the following mandatory conditions: (a) he shall not commit another federal, state, or local crime; (b) he shall not illegally possess a controlled substance; (c) he shall not possess a firearm, dangerous weapon, or destructive device; (d) he shall refrain from any unlawful use of a controlled substance; and (e) he shall cooperate in the collection of DNA, as directed by his probation officer.

2. Piggott shall submit his person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer and, if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by Piggott. Failure to submit to a search may be grounds for revocation of release. He shall warn any other occupants that the premises may be subject to search pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.

3. Piggott shall participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. Piggott must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance use disorder treatment provider.

4. Piggott shall comply with standard conditions of supervision (1) through (12). This order is stayed until January 18, 2021, in order for the United States

Probation Office and Bureau of Prisons to develop a reentry plan to facilitate Piggott's release from custody and travel to a new residence.


Dated:  New York, New York
        January 11, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.